**Derek Anthony COSTANTINO,
Petitioner—Appellant,**

v.

**George GRIGAS; Frankie Sue
Del Papa, Respondents—
Appellees.**

**No. 05–16122.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided April 14, 2006.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Thom Gover Fax, Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: GOODWIN, B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM *

The petitioner, Derek Anthony Costantino, raises two related claims in this habeas appeal. First, he argues that his guilty plea is invalid under the Fifth and Fourteenth Amendments because he did not enter into the plea agreement knowingly or voluntarily. *See, e.g., Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Second, he argues that his attorney provided ineffective assistance, in violation of his rights under the Sixth and Fourteenth Amendments, because the attorney failed to inform him about exculpatory evidence produced by his defense team's investigation. *See Strickland v. Washington* 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Nevada courts rejected these arguments when Costantino sought post-conviction relief. Therefore, we may grant his petition for habeas corpus only if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, the district court conducted an evidentiary hearing to evaluate Costantino's claims. The district court found that Costantino was not credible, that his attorney had adequately informed him of relevant exculpatory evidence, and that his attorney had discussed in detail the pros and cons of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

pleading guilty with Costantino and his family. We must accept as true the district court's factual determinations unless we find that they are clearly erroneous. *See Luna v. Cambra,* 306 F.3d 954, 959–60 (9th Cir.2002).

Costantino contends that the district court's findings were clearly erroneous because Costantino testified consistently and clearly that he had never been privy to the exculpatory information unearthed by the defense team's investigation, while his defense attorney testified equivocally at the evidentiary hearing about whether and how he had conveyed that information. We conclude that the district court's findings of fact were not clearly erroneous.

There is ample evidence to support the district court's findings. Costantino's attorney testified that his practice in discussing plea agreements was always to "discuss what can transpire at the trial from the prosecution's evidence, from the defense's evidence, how strong the defense's evidence is, ... our ability to be able to challenge the prosecution's witnesses including challenging their credibility, their observability, and all the stuff like that." He testified that he had spent at least four hours with Costantino at the courthouse and the bailiff's lockup, as well as another two hours at Costantinos's home, during which time he went over the plea agreement "from 'A' to 'Z.'" Finally, the attorney testified that he "had the trial file with [him]" when he had discussed the plea agreement with Costantino. He noted that "we had all the statements, we had all of the police reports, we had everything in there and I mean we went over ... both sides of the case obviously to try to get him to look at the likelihood of conviction as opposed to the possibility of acquittal." Moreover, the district court's factual findings are supported by the terms of the plea agreement, in which Costantino attested that he had "discussed with [his] attorney any possible defenses, defense strategies and circumstances which might be in [his] favor," as well as by the canvassing that took place at the change of plea hearing, in which Costantino stated that he understood the terms of his plea agreement. The plea agreement and the canvassing both carry a strong presumption of "verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

On this record, we are unable to conclude that the district court's factual findings were clearly erroneous. In light of those findings, we must conclude that the Nevada court's decision to deny post-conviction relief was not "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The judgment of the district court is **AFFIRMED.**